UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

v.

HUNGRY GHOST TRIBECA, LLC d/b/a HUNGRY GHOST COFFEE,

Defendant.

Civil Action No.

**COMPLAINT**

Jury Trial Demanded

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion and retaliation, and to provide appropriate relief to the Charging Party, who was adversely affected by such practices. As alleged with greater particularity below, the United States Equal Employment Opportunity Commission ("EEOC") alleges that Defendant Hungry Ghost Tribeca, LLC d/b/a Hungry Ghost Coffee ("Defendant"), discriminated against the Charging Party on the basis of his religion, Islam, when Defendant failed to reasonably accommodate the Charging Party's religious practice and when it terminated his employment. The EEOC further alleges that Defendant retaliated against Charging Party after he requested a religious accommodation.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of New York.

## PARTIES

3. Plaintiff, the EEOC, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been doing business in the State of New York and the City of New York.

5. At all relevant times, Defendant has continuously had at least 15 employees.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, the Charging Party filed a charge of discrimination, Charge No. 520-2023-04661, with the EEOC alleging violations of Title VII by Defendant.

8. On March 17, 2026, the EEOC issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated Title VII.

9. The EEOC invited Defendant to join with the EEOC in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

10. The EEOC engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

11. The EEOC was unable to secure from Defendant a conciliation agreement acceptable to the EEOC.

12. On July 8, 2026, the EEOC issued to Defendant a Notice of Failure of Conciliation.

13. All conditions precedent to the institution of this lawsuit have been fulfilled.

## FACTUAL BACKGROUND

14. At all relevant times and currently, the Charging Party was and is Muslim.

15. At all relevant times, as part of the Charging Party's sincerely held religious beliefs, he observed the Islamic holy month of Ramadan by fasting from sunrise to sunset.

16. In approximately October 2022, the Charging Party began working as a barista at cafe locations under the same ownership in Tribeca (Defendant) and in Brooklyn.

17. Charging Party reported to a Manager who had responsibility over more than one cafe location.

18. Defendant's Manager supervised Charging Party's work and had authority to act on accommodation requests and to discipline employes, including terminating them.

19. In 2023, the Islamic holy month of Ramadan began on the evening of March 22, 2023.

20. In or about late March 2023, the Charging Party asked his Manager not to schedule him for PM shifts, which lasted from approximately 2:00 p.m. to 8:00 p.m., during Ramadan to accommodate his religious practice of fasting during the day and breaking his fast at sunset.

21. Notwithstanding the Charging Party's request, on or about March 26, 2023, the Manager assigned the Charging Party to work PM shifts on March 29, 2023 and April 1, 2023 at Defendant's Tribeca location.

22. On or about March 28, 2023, the Charging Party and his co-worker agreed to swap their March 29, 2023 AM and PM shifts to allow the Charging Party to work the AM shift, from approximately 6:00 a.m. to 2:00 p.m., and the co-worker would work the PM shift, from approximately 2:00 p.m. to 8:00 p.m.

23. On or about March 28, 2023, the Charging Party and his co-worker requested approval for this March 29, 2023 shift swap by Defendant's Manager because of the Charging Party's religious practice of fasting for Ramadan.

24. At all relevant times, Defendant allowed shift swaps if agreed to by the employees and approved by their supervisor.

25. On or about March 28, 2023, Defendant's Manager denied the Charging Party's request to swap March 29, 2023 shifts with his co-worker.

26. On March 29, 2023, Charging Party worked his scheduled PM shift.

27. Toward the end of Charging Party's PM shift on March 29, 2023, and as he was completing his closing duties, Defendant's Manager terminated Charging Party's employment effective immediately.

28. While terminating Charging Party, the Manager referenced Charging Party's religious accommodation request for March 29, 2023, and his anticipated future religious accommodation and accused him of trying to control the work schedule.

29. Immediately after being terminated on March 29, 2023, Charging Party told his Manager that “what [he] was asking is just a time to break [his] fast and feel normal during this month” of Ramadan.

30. Charging Party suffered damages.

STATEMENT OF CLAIMS

31. As set forth in Paragraphs 17–30 above and incorporated herein, Defendant engaged in unlawful employment practices, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), by failing to reasonably accommodate Charging Party’s religious beliefs and practices.

32. As set forth in Paragraphs 17–30 above and incorporated herein, Defendant engaged in unlawful employment practices, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), by discharging Charging Party because of his religion.

33. As set forth in Paragraphs 17–30 above and incorporated herein, Defendant engaged in unlawful employment practices, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), by discharging Charging Party in retaliation for engaging in protected activity.

34. The effect of the practices complained in Paragraphs 17-30 above has been to deprive the Charging Party of equal employment opportunities and otherwise adversely affect his status as an employee, because of his religion and his protected activity.

35. The unlawful employment practices complained of above were intentional.

36. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of the Charging Party.

## PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, its agents, its servants, its employees, its attorneys, and all persons in active concert or participation with it, from engaging in any employment practice that discriminates on the basis of religion, including failing to reasonably accommodate the religious practices of its employees, and from retaliating against any person because that person has engaged in protected activity under Title VII.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees regardless of their religion and which eradicate the effects of their past and present unlawful employment practices.

C. Order Defendant to make whole the Charging Party by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of in the foregoing paragraphs, in amounts to be determined at trial.

D. Order Defendant to make whole the Charging Party by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in the foregoing paragraphs, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

E. Order Defendant to pay the Charging Party punitive damages for its malicious and reckless conduct, as described in the foregoing paragraphs, in amounts to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

G. Award the EEOC its costs of this action.

JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

CHRISTOPHER LAGE
Deputy General Counsel
131 M. Street, NE
Washington, D.C. 20507

KIMBERLY CRUZ
Regional Attorney
New York District Office

*/s/ Elizabeth A. Figueira*
ELIZABETH A. FIGUEIRA
Assistant Regional Attorney
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004
(929) 506-5357
elizabeth.figueira@eeoc.gov

DAVID B. STOUFFER
Trial Attorney
Buffalo Local Office
Olympic Towers
300 Pearl Street, Suite 450
Buffalo, NY 14202
(716) 431-5012
david.stouffer@eeoc.gov