**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>Plaintiff,<br>v.<br>HUNGRY GHOST TRIBECA, LLC D/B/A HUNGRY GHOST COFFEE,<br>Defendant. | Civil Action No. 26-CV-8533 |

**CONSENT DECREE**

Plaintiff the U.S. Equal Employment Opportunity Commission ("EEOC") filed this action alleging that Defendant Hungry Ghost Tribeca, LLC d/b/a Hungry Ghost Coffee ("Defendant") violated Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and seeking to correct unlawful discrimination on the basis of religion. Specifically, the EEOC alleged that Defendant discriminated against Charging Party when it denied Charging Party's request for religious accommodation and then terminated him because of his religion and/or in retaliation for engaging in protected activity. Defendant denies these allegations.

The EEOC and Defendant (collectively, the "Parties") have agreed that this action should be resolved by entry of this Consent Decree ("Decree"). The Parties, therefore, hereby stipulate and consent to the entry of this Decree as final and binding on the Parties, as defined below. The Parties agree that this Decree may be entered into without findings of fact and conclusions of law having been made or entered by the Court.

In consideration of the mutual promises and agreements contained in this Decree, the sufficiency of which is hereby acknowledged, the Parties agree as follows, this Court finds appropriate, and it is therefore ORDERED, ADJUDGED, AND DECREED that:

1. The EEOC and Defendant desire to settle this action, and therefore stipulate and consent to entry of this Decree as final and binding between the Parties.
2. The Decree resolves all issues that were raised in the EEOC's Complaint and in Charge of Discrimination No. 520-2023-04661, which serves as the jurisdictional prerequisite in this case. This Decree in no way affects the EEOC's right to process any pending or future charges that may have been or will be filed against Defendant or to commence civil actions on any such charges.
3. This Court has jurisdiction over the subject matter of this litigation and the Parties, venue is proper, and all administrative prerequisites have been met. No Party will contest the validity of this Decree or the jurisdiction of the federal district court to enforce this Decree and its terms. The terms of this Decree represent the full and complete agreement of the Parties and resolves all matters in controversy between the parties. The purpose and provisions of Title VII will be promoted and effectuated by the entry of this Consent Decree.

**General Provisions**

4. "Day" or "Days" means calendar days and includes weekends and holidays, unless otherwise indicated.
5. "Effective Date" means the date this Consent Decree is docketed by the Clerk of the Court after it is signed by and/or receives approval from the Court.
6. "Defendant" means Hungry Ghost Tribeca, LLC d/b/a Hungry Ghost Coffee, as well as its managers, officers, agents, and any other person or entity acting on its behalf.
7. "Locations" means all Hungry Ghost Coffee locations owned or operated by the Defendant's Owner in New York state, except where otherwise noted.
8. This Decree may be amended in the interests of justice and fairness and to facilitate execution of this Decree's provisions. Except as otherwise provided in this Decree, no waiver,

modification, or amendment of any provision of this Decree will be effective unless the Parties agree to it in writing and it is approved or ordered by the Court.

9. If one or more provisions of this Decree are rendered unlawful or unenforceable as a result of a legislative act or a decision by a court of competent jurisdiction, the following will apply to ensure that this Decree continues to effectuate the intent of the Parties. The provisions of this Decree which are not rendered unlawful, unenforceable, or incapable of performance as a result of such legislative act or court decision will remain in full force and effect, and the Parties' responsibilities will not abate as to any and all provisions that have not been rendered unlawful or unenforceable, except to the extent that the intent of this Decree would be undermined.

10. A breach of any term of this Decree will be deemed a material and substantive breach, subject to enforcement in Court. This Decree will be construed by this Court under federal law.

11. In the event that the EEOC believes that Defendant has failed to comply with any provision(s) of the Decree, the EEOC will notify Defendant, and Defendant must make a good faith attempt to cure any breach of the Decree within thirty (30) days of notification. Following that thirty (30) day period, if the EEOC still believes that Defendant has failed to comply with the provision(s) of the Decree identified, the EEOC shall have the right to seek Court intervention.

12. Except as otherwise provided for in this Decree, all notifications, reports, and communications to the Parties required under this Decree will be made in writing and will be sufficient as emailed, hand-delivered or sent by certified, registered, or overnight mail to the following persons (or their designated successors):

For the EEOC:
David Stouffer, Trial Attorney
U.S. EEOC
Buffalo Local Office
300 Pearl Street, Suite 450
Buffalo, NY 14202
Decreemonitor.nydo@eeoc.gov

For Defendant:
Brianne Murphy
Helbraun Levey
40 Fulton Street

New York, New York 10038
Brianne.murphy@helbraunlevey.com

Any Party may change such addresses or designees by written notice to the other Parties setting forth new information for this purpose.

13. When this Decree requires a certification by Defendant of any fact(s), such certification shall be made under oath or penalty of perjury by an owner, officer, or management employee of Defendant to the best of such owner, officer, or management employee's knowledge, information, and belief.

## Injunctive and Equitable Relief

14. **Religious Accommodations.** Defendant is hereby enjoined and restrained from failing to accommodate employee religious beliefs in the absence of undue hardship.

15. **Anti-Discrimination**. Defendant will not discriminate against any individual on the basis of their religion in any phase of employment, including recruitment, hiring, job assignment, promotion, termination, and other terms, conditions, or privileges of employment in violation of Title VII. This includes:

    a. Discrimination resulting from a failure to provide an employee with a reasonable accommodation that eliminates the conflict between an employee's religious belief, observance, or practice and an employment requirement unless the reasonable accommodation poses an undue hardship to Respondent; and

    b. Discrimination resulting from a desire to avoid providing a prospective reasonable accommodation for a religious belief, observance, or practice to a job applicant or employee unless the prospective reasonable accommodation poses an undue hardship to Respondent.

16. **Anti-Retaliation.** Defendant shall not retaliate against any employee or applicant who: (1) has filed any charge of discrimination with the EEOC; (2) has participated in this or any other investigation or litigation by the EEOC; (3) has assisted with this or any other investigation or litigation by the EEOC; (4) has sought or received monetary or nonmonetary relief as a result

of this or any other investigation or litigation by the EEOC; (5) has requested an accommodation; or (6) otherwise engages in protected activity under Title VII.

17. **Posting and Notice**. Within fourteen (14) days of the Effective Date, Defendant will conspicuously post and maintain a "Notice to All Hungry Ghost Employees" (attached as Exhibit A) in a prominent place where employee notices are posted. This Notice shall be posted in both Locations in where Charging Party was employed. Defendant will certify in writing to the EEOC that this Notice was posted within seven (7) days after posting.

18. **Annual Executive Message.** Within ninety (90) days of the Effective Date, and annually thereafter for the duration of this Agreement, Defendant shall release either a video message or an email, posted to its internal employee intranet site or distributed via email to all employees, that – at a minimum – emphasizes Defendant's commitment to the equal application of anti-discrimination laws and company policies to all employees regardless of religion, and encourages reporting, including bystander reporting, of any violations of Defendant's anti-discrimination policies.

19. **Training.** Within one hundred and twenty (120) days of the Effective Date, and on an annual basis thereafter, Defendant will provide employees with a training on federal laws prohibiting religious discrimination and retaliation in employment. The initial training will be a live, in-person, web based, or hybrid, and be presented to the employees of the Hungry Ghost Tribeca store. This initial training shall be video recorded. All future trainings presented to Defendant's employees after the initial training may be a video recording of the initial training. The training will be tailored to each category of Defendant's employees (*i.e.,* managers, employees with supervisory and human resource functions, employees), and:

    a. Defendant will engage and retain an agreed-upon independent subject matter expert in federal anti-discrimination law ("SME Trainer") to provide the training required by this Decree;

    b. Defendant will provide the EEOC with the identity and curriculum vitae of the trainer no later than sixty (60) days after the Effective Date of this Agreement. The

EEOC shall have up to five business days to notify Defendant if it objects to either the selected trainer or to any aspect of the proposed curriculum. If the EEOC requests a replacement trainer, Defendant shall have ten (10) business days to identify a new trainer that meets the standards identified in this paragraph.

c. All employees with human resources, supervisory, or management duties will be provided no fewer than two (2) hours of training on federal laws prohibiting religious discrimination in employment with an emphasis on religious accommodations;

d. All other employees will complete no fewer than one (1) hour of training on federal laws prohibiting discrimination in employment, with an emphasis on the rights of employees to be free from religious-based discrimination in compensation, terms, conditions, or privileges of employment;

e. All training sessions shall be recorded and maintained;

f. Newly-hired employees or employees that acquire human resources, supervisory, or management duties will be given the applicable training specified under this section within thirty (30) days of their start date in that position. Newly-hired employees may satisfy the training requirement by watching a recording of the last applicable training.

g. Defendant shall maintain a sign-in registry for each training session required under this Decree, which log shall include the printed names and signatures of all attendees, their job titles and assigned location(s) and shall retain copies of all training materials used and shared with attendees.

h. The trainings described in this section will, at minimum, include the following topics and information:

    i. Provide and explain the purpose and fundamentals of federal anti-discrimination laws, with an emphasis on Title VII prohibitions of discrimination on the basis of religion;

ii. Provide examples of religious discrimination in the terms, conditions, benefits and privileges of employment including where requests for accommodation are made;

iii. Provide examples of protected activity and retaliation;

iv. Discuss employees' rights under Title VII;

v. Discuss Defendant's responsibilities under Title VII;

vi. Discuss Defendant's internal procedures for reporting discrimination, harassment, failure to accommodate and retaliation; and

vii. Describe how to report discrimination, harassment, the failure to accommodate and retaliation to the EEOC and any state or local fair employment practices agencies with jurisdiction over the employees' work site.

i. At least fourteen (14) days prior to each of the required trainings discussed above, Defendant will provide the EEOC notice of the date, time, location (including links for remote viewing). The EEOC may attend and observe one or more of the training sessions.

20. **Ensuring Equal Opportunity for all Employees.** Within sixty (60) days of the Effective Date, Defendant shall evaluate its existing practices with respect to accommodations, and management shall take steps to ensure that these practices promote fair and equitable evaluation of such requests at all Hungry Ghost Locations.

21. **Monitoring.** The EEOC may review Defendant's compliance with the provisions of this Decree. As part of its review, with at least fifteen (15) business days' notice, the EEOC may inspect Defendant's facilities, interview employees, and examine and copy documents related to the terms of this Decree. Upon request, Defendant will provide electronic copies of records to the EEOC that are reasonably relevant to verifying compliance with this Decree, including copies of any records Defendant is required by this Decree to keep. Defendant will make

employees available to the EEOC and shall permit non-management employees to speak confidentially with the EEOC for purposes of verifying compliance with this Decree.

22. **Reporting.** Within six (6) months of the Effective Date, and annually thereafter for the duration of the Decree, Defendant will provide a written report to the EEOC providing the following information:

    a. Any religious discrimination complaints from employees or applicants that were received, pending, or closed during the preceding twelve (12) months including the name of the complainant, a summary of the complaint, to whom the complaint was made, the affected department, the status of any investigation, any findings or conclusions, and any remedial action taken by Defendant;

    b. A written certification that Defendant has maintained the posting of the Notice of Lawsuit and Resolution in accordance with the Decree.

23. **Recordkeeping.** Defendant shall preserve and maintain all materials, electronic or otherwise, that are relevant to its obligations under and compliance with this Decree and otherwise comply with the recordkeeping and reporting requirements under federal law, including those contained in Title VII and in the regulations promulgated by the EEOC. The express recordkeeping and reporting obligations imposed by this Decree do not constitute any waiver or obviation of the recordkeeping and reporting requirements imposed by federal law.

**Monetary Relief**

24. **Charging Party.** Within ninety (90) days of the Effective Date, Defendant will pay Charging Party a total of $22,500.00 as follows:

    a. A check made payable to Charging Party in the amount of Twenty-Two Thousand and Five-Hundred Dollars ($22,500.00) shall represent damages for non-pecuniary compensatory damages (emotional and mental anguish) shall be made (and for which an IRS form 1099 shall be issued); and

    b. Payment in the form of a check, and any IRS forms relating to the payment, shall be sent via hand-delivery or overnight mail to Charging Party at his personal

address. The EEOC shall provide Defendant with the address to mail the check within seven (7) days of the effective date of this Consent Decree. A photocopy of the check and the tax document, and any related correspondence sent to Charging Party shall also be sent to the EEOC electronically on the same day the documents are sent to Charging Party.

c. Defendant acknowledges that this is a debt owed to and collectible by the United States.

25. **The EEOC's Reporting Requirements Under IRS Sections 162(F) and 6050x.** The EEOC may be required to report the fact of this settlement to the IRS under Section 162(f) and 6050X of the Internal Revenue Code, which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide Defendant with a copy of the 1098-F form that it will provide to the IRS.

a. Defendant's EIN is: 82-4016455

b. The individual to whom the EEOC should mail a copy of the form 1098-F, if the EEOC is required to issue one is:

Murat Uyaroglu

926 Saint Marks Avenue Brooklyn NY 11213

c. The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code. The provision of Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC. The Parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

26. **Signatures.** The signatories to this Decree represent that their signatures affixed hereto are voluntary, that they understand the obligations contained herein and that they are fully authorized to execute this Decree and to bind the Parties on whose behalf (s)he signs.

27. **Term of the Decree.** This Decree will remain in effect for two (2) years from the Effective Date.

28. **Ongoing Jurisdiction**. The Court will retain jurisdiction over this action during the duration of this Decree for all purposes including, but not limited to, the entering of all orders, judgments, and decrees as necessary to implement the relief provided herein. Upon signature and approval by the Court, the matter may be administratively closed but will not be dismissed.

29. **Automatic Extension.** If any disputes about compliance with the Decree's terms remain unresolved at the end of the Term of the Decree, the Term of the Decree shall be automatically extended and the Court will have jurisdiction of this matter to enforce the Decree until such time as all such disputes have been resolved.

[END]

For Plaintiff EEOC:

Kimberly A. Cruz
Digitally signed by Kimberly A. Cruz
Date: 2026.09.29 13:50:13 -04'00'

Kimberly A. Cruz
Regional Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004

DAVID STOUFFER
Trial Attorney
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Buffalo Local Office
Olympic Towers
300 Pearl Street, Suite 450
Buffalo, NY 14202
(716) 431-5012
david.stouffer@eeoc.gov

Murat Uyaroglu for Defendant Hungry Ghost Tribeca, LLC d/b/a Hungry Ghost Coffee:

Signature [signature]

___Murat Uyaroglu______
Printed Name

__Managing Member__
Title

AS TO FORM ONLY:

Brianne Murphy
_______________________________
Brianne E. Murphy, Esq.
*Attorney for Defendant*

SO ORDERED this 30th day of Sept., 2026.

[signature: Loretta A. Preska]
_______________________________
United States District Court Judge

# EXHIBIT A

**[Poster]**